M. M. MORGAN, *Appellant,* v. W. E. DUNWOODY, *Appellee.*

Opinion filed February 8, 1916.

Where an equity cause has been reversed with leave to produce further evidence on a point and the evidence taken is sufficient to sustain the decree, it will be affirmed.

Appeal from Circuit Court, DeSoto County; F. A. Whitney, Judge.

Decree affirmed.

*Leitner & Leitner,* for Appellant;

*Treadwell & Treadwell,* for Appellee.

PER CURIAM.—A decree herein cancelling instruments as a cloud upon title to land was reversed and the cause remanded with leave to the complainant to show if he could by proper evidence that the conveyance from the Trustees of the Internal Improvement Fund, under which he claims was in fact made to pay expenses of administering the fund, or for the trust purposes of the Internal Improvement Act of 1855, so as to give to the complainant a superior right over the defendant who claims under legislative land grants made in aid of the construction of a railroad. Morgan v. Dunwoody, 66 Fla. 522, 63 South. Rep. 905. On being remanded the complainant adduced the uncontradicted testimony of Col. S. I. Wailes that he was employed by the Trustees of the Internal Improvement Fund of Florida to secure patents to lands granted to the State by the United

States; that he rendered the service and was paid therefor in lands of which the land in controversy is a part, it having passed from Col. Wailes to complainant. It was not essential that the agent to secure patents for the State for the I. I. lands should have rendered service with reference to the particular land conveyed to him in payment for his services to the Trustees of the Internal Improvement Fund in the selection, management and sale of the lands committed to the Trustees. Securing patents is a service in connection with the selection and management of the swamp and overflowed lands of the State, and payment for such services has priority over mere legislative grants to railroads where title under the conditions of such grants has not been perfected.

The evidence is sufficient to show the complainant has a prior right and the decree is affirmed.

All concur, except COCKRELL, J., absent by reason of sickness.